### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **HEDSTROM CORPORATION, *et al.*,** | ) Case No. 04-38543 |
| | ) |
| | ) (Jointly Administered) |
| **Debtors.** | ) |
| | ) Hon. Jack B. Schmetterer |
| | ) |
| **HEDSTROM CORPORATION, *et al.*,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Adv. No. 05 A 02145 |
| | ) |
| **SILVERPLAY LTD.** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having received the verified declaration filed by Hedstrom Corporation and certain of its affiliated debtors (individually and collectively, "Plaintiffs" or the "Debtors") in support of the Debtors' Motion for Default Judgment against Silverplay Ltd. ("Defendant"), and having entered an Order of Default on January 3, 2006 against Defendant; this Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On October 18, 2004 (the "Petition Date"), the Debtors filed related, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

{4625 ORD A0114873.DOC}

2.      On May 13, 2005, counsel for Plaintiffs sent a letter to Defendant demanding the return of certain preferential transfers in the aggregate amount of $303,412.18 (the "Transfers") made by the Debtors to or for the benefit of Defendant during the ninety (90) days prior to the Petition Date, pursuant to 11 U.S.C. §§ 547 and 550.

3.      On September 30, 2005, Plaintiffs initiated the instant adversary proceeding by filing a complaint (the "Complaint") against Defendant to avoid and recover the Transfers.

4.      On September 30, 2005, the Clerk of Court issued a summons in the Complaint and on October 5, 2005, counsel for Plaintiffs served a copy of the summons, along with a copy of the Complaint, upon Defendant via international, registered mail pursuant to Fed. R. Bankr. 7004.  In addition to serving a copy of the Complaint and summons upon Defendant at its place of business, Plaintiffs served Defendant's representative of the Official Committee of Unsecured Creditors.

5.      Defendant failed to answer or otherwise plead in response to the Complaint and on January 3, 2006, an order of default was entered against Defendant.

6.      The Transfers have never been repaid to the Debtors' estates.

7.      The Transfers were made to or for the benefit of Defendant, a creditor of the Debtors, on account of antecedent debts due and owing from the Debtors to Defendant before the Transfers were made.

8.      At the time each of the Transfers was made, the Debtors' financial condition was such that the sum of its debts was greater than all of its property, at a fair valuation.

9.      The Transfers enabled Defendant to receive more on account of its antecedent debts than Defendant would have received if, as of the date of each of the Transfers, the Debtors had commenced a case under chapter 7 of the Bankruptcy Code, the particular Transfer had not been

made and Defendant had received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

10.    The allegations of the Complaint, which are taken as admitted as a result of Defendant's default in this case and are supported by the Declaration of Wayne J. Rudis, the Debtors' Controller, establish that Defendant (1) was a creditor of the Debtors; (2) received the Transfers from the Debtors' funds within ninety (90) days prior to the Petition Date while the Debtors were insolvent; (3) received the Transfers for or on account of an antecedent debt owed by the Debtors before such Transfers were made; and (4) received more on account of its antecedent debt than it would have received in a hypothetical chapter 7 liquidation.

## CONCLUSIONS OF LAW

A.    This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157 and 1334 because this proceeding arises in and is related to the Cases.

B.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

C.    The Debtors' underlying bankruptcy proceeding is pending before this Court. Accordingly, venue of this Complaint is proper in this Court under 28 U.S.C. § 1409(a).

D.    Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent during the ninety (90) days preceding the Petition Date and at the time they made the Transfers.

E.    Plaintiffs have met their burden of proving that the Transfers are avoidable under 11 U.S.C. § 547(b) and as required by 11 U.S.C. § 547(g).

F.    Plaintiffs are entitled to a judgment against Defendant under 11 U.S.C. § 547(b).

G.   Defendant is either "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) [an] immediate or mediate transferee of such initial transferee," as set forth in 11 U.S.C. §§ 550(a)(1) and (2).

H.   Pursuant to 11 U.S.C. § 550(a), Plaintiffs are entitled to recover from Defendant and for the benefit of the Debtors' estates the value of the Transfers.

DATED this 24 day of January, 2006

By: _____
United States Bankruptcy Judge

*Prepared By*
Richard A. Saldinger (#6209930)
Matthew A. Swanson (#6273133)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610